20-3363-cv
Grant v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
          RICHARD J. SULLIVAN,
               *Circuit Judges.*
_____

JAMES GRANT,

          *Plaintiff-Appellant*,

          v.                                          20-3363-cv

CITY OF NEW YORK, A MUNICIPAL
ENTITY, WILLIAM J. BRATTON,
(FORMER NEW YORK CITY POLICE
DEPARTMENT POLICE
COMMISSIONER), IN HIS INDIVIDUAL
CAPACITY, LAWRENCE BYRNE,

(FORMER NEW YORK CITY POLICE DEPARTMENT DEPUTY COMMISSIONER OF LEGAL MATTERS), IN HIS INDIVIDUAL CAPACITY,

*Defendants-Appellees.**

_____

| FOR PLAINTIFF-APPELLANT: | JOHN MERINGOLO, Meringolo & Associates, P.C., New York, NY; Cara Kalhous, New York, NY |
| --- | --- |
| FOR DEFENDANTS-APPELLEES: | DANIEL MATZA-BROWN (Richard Dearing, Claude S. Platton, Of Counsel, *on the brief*), *on behalf of* James E. Johnson, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

---

* Defendant-Appellee Lawrence Byrne died after the notice of appeal was filed. However, no motion for his substitution has been filed by his personal representative or any party. See Fed. R. App. P. 43(a)(1).

2

Plaintiff-Appellant James Grant appeals from the September 10, 2020 judgment of the District Court (Carter, J.) dismissing his § 1983 due process claim against Defendants-Appellees the City of New York, former New York City Police Department (NYPD) Police Commissioner William J. Bratton, and former NYPD Deputy Commissioner of Legal Matters Lawrence Byrne (collectively, "the City") stemming from Grant's alleged forced retirement from the NYPD. The District Court dismissed the complaint for failure to state a claim, holding that Grant's due process rights were not infringed because an adequate post-deprivation remedy existed in the form of an Article 78 proceeding under New York law. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's dismissal of a complaint for failure to state a claim de novo. See Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 232 (2d Cir. 2014). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Grant argues that the City violated his due process rights because he was denied any meaningful opportunity for a hearing before he was forced to resign from the NYPD. We disagree. Where, as here, an Article 78 proceeding is available under New York law, see N.Y. C.P.L.R. § 7801 et seq., and a plaintiff alleges that his resignation was coerced, pre-deprivation process is not required because the existence of a post-deprivation Article 78 proceeding is sufficient to satisfy the Due Process Clause. See Giglio v. Dunn, 732 F.2d 1133, 1134–35 (2d Cir. 1984). Indeed, a pre-deprivation hearing is impracticable in such circumstances because "[a] coerced resignation does not involve a showing of cause." Id. at 1135. "[T]he only possible dispute is whether the resignation was voluntary or involuntary, [which] cannot be determined in advance." Id.

Recently, in Capul v. City of New York, 832 F. App'x 766 (2d Cir. 2021), we applied Giglio to affirm the dismissal of a complaint filed by four NYPD officers who alleged that they were forced to resign under circumstances very similar to Grant's. Both Grant and the plaintiffs in Capul alleged that they were forced to resign due to the public relations fallout of the same NYPD corruption scandal. See Capul v. City of New York, No. 19-CV-4313, 2020 WL 2748274, at *3–4

4

(S.D.N.Y. May 27, 2020).   Indeed, both Grant and the Capul plaintiffs alleged that they were told by the same person that they would be terminated no matter the outcome of any disciplinary hearing.   See id. at *4.

In an attempt to distinguish Capul, Grant points out that while he was forced to resign before he had attained 20 years of service and lost his pension, the Capul plaintiffs' pensions were already vested.   Grant also notes that the Capul plaintiffs were awarded damages as a result of a grievance arbitration after their forced resignations, whereas he was not.   But these distinctions are not relevant to whether Grant was entitled to pre- as opposed to post-deprivation process, and Grant fails to argue how they could be relevant.   In the absence of any relevant difference between this case and Capul, we see no reason to resolve this case differently.   We therefore affirm the District Court's dismissal of Grant's complaint.   See Giglio, 732 F.2d at 1135.

We have considered all of Grant's remaining arguments and conclude that they are without merit.   For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5